Citation Nr: 1452680 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 14-16 437 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Evan M. Deichert, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The Veteran served on active duty from April 1943 to September 1945. 
The Veteran served during World War II, participated in the Normandy invasion, and was awarded the European-African-Middle Eastern Campaign Medal with Arrowhead Device.

This matter is before the Board of Veterans' Appeals (Board) on appeal of an October 2013 rating decision of the San Diego, California, Regional Office (RO) of the Department of Veterans Affairs (VA) that granted service connection for tinnitus but denied service connection for bilateral hearing loss. 


FINDING OF FACT

The Veteran's hearing loss is related to his in-service noise exposure. 


CONCLUSION OF LAW

The criteria for the grant of service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1154, 5103, 5103A, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.385 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and to Assist

Upon receipt of a complete or substantially complete application, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103(a), 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013). VA must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 

Here, the Board is granting service connection for the sole issue it is considering. Any failures in the duty to notify or to assist are considered harmless. 

II. Service Connection for Bilateral Hearing Loss

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) ; see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

To establish service connection, there must be a competent diagnosis of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

Private treatment records and the results of a September 2013 VA examination confirm that the Veteran suffers from hearing loss for VA purposes. The current disability criterion is met. 

Service treatment records do not show that the Veteran complained of or was treated for bilateral hearing loss during his active service. Further, given the dates of his service, no audiogram was performed prior to his military service at entry or at the time of his separation from his military service. 

That said, in letters and statements, the Veteran have consistently contended that he was exposed to noise during his active service. In a June 2013 letter, the Veteran stated that his hearing loss was the result of exposure to acoustic trauma while serving in World War II. The Veteran stated that he participated in the Invasion of Normandy, and that he was exposed to noise during that campaign. 

In his October 2013 notice of disagreement, the Veteran stated that his hearing loss began during his active service. He contended that his hearing loss was the result of exposure to outgoing mortar shells and from concussions from incoming artillery fire. 

The Veteran's service personnel records corroborate his contentions. These records reflect that the Veteran served as a medical NCO with the 4th Infantry Division. These records further reflect that the Veteran was responsible for all medical statistical reports for a chemical mortar battalion. The Veteran served in Normandy, Northern France, the Rhineland, and the Ardennes. He was awarded the European-African-Middle Eastern Campaign Medal with Arrowhead Device. The Arrowhead Device is only awarded to soldiers who participated in airborne or amphibious assault landings. 

Given the Veteran's statements and the evidence of record, the in-service incurrence of hearing trauma in service is established. 

The final question is whether the Veteran's current bilateral hearing loss is related to his in-service noise exposure. The VA examiner concluded that it was less likely than not that such a relationship exists, given the Veteran's in-service MOS. She further cited the lack of evidence from the Veteran's active service until his first private treatment record demonstrating hearing loss in October 2012. 

This opinion is inadequate as the Veteran's statements regarding service with a mortar battalion are corroborated by his service personnel records. Further, his military awards indicate that he participated in an airborne landing in a war zone which undoubtedly exposed him to acoustic trauma. 

Remand for a new examination or opinion is not required as the claim may be granted based on the evidence of record. In addition to the statements cited above, in his May 2014 substantive appeal, the Veteran stated that after active duty, he had more pressing problems when returning to civilian life than getting treatment for hearing loss. Also, at his September 2013 examination, the Veteran denied having been involved in any post-service activity which involved noise exposure, and there is no evidence that would contradict his statement or that would indicate that his current hearing loss is attributable to a post-service hearing trauma. 

The Board finds that the Veteran statements regarding the onset of his hearing loss, his in-service noise exposure and his lack of post-service noise exposure are credible and convincing. Accordingly, resolving all reasonable doubt in his favor, the nexus element is satisfied and service connection for bilateral hearing loss is therefore warranted. 


ORDER

Entitlement to service connection for bilateral hearing loss is granted. 




____________________________________________
JOAQUIN AGUAYO-PERELES
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs